Filed 1/3/22  P. v. Harrison CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMES EDWARD HARRISON III,<br><br>Defendant and Appellant. | F080490<br><br>(Super. Ct. No. F19903443)<br><br>**OPINION** |

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Fresno County.  Glenda S. Allen-Hill, Judge.

Karriem Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans, Timothy L. O'Hair, and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Peña, J. and DeSantos, J.

Defendant James Edward Harrison III pled no contest to carrying a concealed firearm in a vehicle in Fresno County Superior Court case No. F19903443 (court of appeal case No. F080490) and no contest to false imprisonment by violence in Fresno County Superior Court case No. F19907354 (court of appeal case No. F080492). In case No. F080492, defendant's counsel filed a *Wende*[1] brief, i.e., one that asserted no claims but sought an independent examination of the record to determine if there are any arguable issues;[2] in case No. F080490, defendant contends that his term of probation must be modified to two years pursuant to Penal Code section 1203.1,[3] subdivision (a), as amended by Assembly Bill No. 1950 (2019−2020 Reg. Sess.) (Assembly Bill 1950), and argues that the fees imposed pursuant to former section 1203.1b must be vacated as required by Assembly Bill No. 1869 (2019−2020 Reg. Sess.) (Assembly Bill 1869). The People agree that defendant is entitled to the benefit of Assembly Bill 1869 and Assembly Bill 1950, but contend that the matter must be remanded to the trial court to modify the term of probation to a period not to exceed two years. We modify defendant's term of probation to two years and vacate the portion of the order imposing fees pursuant to former section 1203.1b. As modified, we affirm.

## PROCEDURAL SUMMARY

On May 29, 2019, the Fresno County District Attorney filed a complaint in case No. F19903443, charging defendant with carrying a concealed firearm as a vehicle occupant (§ 25400, subd. (a)(3); count 1), and carrying a loaded firearm in public (§ 25850, subd. (a); count 2).

---

[1] *People v. Wende* (1979) 25 Cal.3d. 436.

[2] We notified defendant that he was permitted to submit a letter to supplement the *Wende* brief with any grounds he would like the court to consider. Defendant filed no response.

[3] All further statutory references are to the Penal Code.

2.

On October 30, 2019, the Fresno County District Attorney filed a complaint in case No. F19907354, charging defendant with spousal battery causing corporal injury (§ 273.5, subd. (a); count 1), false imprisonment by violence (§ 236; count 2), dissuading a witness (§ 136.1, subd. (b)(1); count 3), and misdemeanor vandalism (§ 594, subd. (a)(2); count 4). The complaint further alleged that at the time of the offenses, defendant was released from custody on his own recognizance in case No. F19903443 (§ 120221).

On November 21, 2019, pursuant to a negotiated plea agreement, defendant pled no contest to count 1 of case No. F19903443 and count 2 of case No. F19907354. In exchange, the remaining counts and allegations were dismissed on the prosecutor's motion, two other misdemeanor matters were dismissed on the prosecutor's motion, and the court indicated it would sentence defendant to no initial state prison, releasing him on the date of sentencing. The duration of the term of probation was not a negotiated term of the plea agreement.

On December 20, 2019, the trial court suspended imposition of sentence for three years and granted defendant three years of formal probation. The court ordered defendant to serve 125 days in custody as a term of probation in case No. F19903443 and 104 days in custody in case No. F19907354, and awarded defendant credit for time served in both cases. The terms of probation also included completion of community service hours by June 30, 2022, and completion of a batterer's treatment program.

On December 23, 2019, defendant filed a notice of appeal.

## FACTUAL BASIS[4]

### Case No. F19903443

On May 26, 2019, at approximately 2:36 a.m., officers stopped a vehicle for a traffic violation. Defendant was seated in the rear passenger seat of that vehicle. Officers noticed a firearm in the pocket behind the passenger seat. They ordered defendant and two other men to exit the vehicle. Officers then recovered a loaded .22-caliber revolver from the vehicle.

### Case No. F19907354

Defendant and confidential victim (C.V.) were involved in a dating relationship which ended on August 30, 2019.

On October 16, 2019, at approximately 3:30 p.m., while C.V. was at work, she received a video call from defendant. When she answered the call, she saw that defendant was inside of her apartment and was damaging her television and laptop. C.V. called 911, left work, and drove to her apartment. Defendant was not at the apartment when officers arrived.

On the same date at approximately 6:00 p.m., defendant returned to C.V.'s apartment with two men that C.V. did not know. Defendant pushed C.V. to the ground. The two unknown men restrained C.V.'s legs while defendant held her wrists. Defendant took C.V.'s cell phone. C.V. screamed and neighbors " 'took notice.' " Defendant and the two unknown men walked out of C.V.'s apartment and drove away.

---

**4**    The parties stipulated that if the court reviewed "the crime reports in each case, [it] would find a factual basis" for defendant's plea. Our summary of the facts is therefore drawn from the probation officer's report.

4.

**DISCUSSION**

## A. Assembly Bill 1950

### 1. Applicability

Effective January 1, 2021, Assembly Bill 1950 amended sections 1203a and 1203.1 to limit the maximum term of probation a trial court is authorized to impose for most felony offenses to two years and most misdemeanor offenses to one year. (§§ 1203a, subd. (a), 1203.1, subds. (a) & (m), as amended by Stats. 2020, ch. 328, §§ 1, 2.)  "[T]he … limitation[s] on … probation set forth in Assembly Bill … 1950 [are] ameliorative change[s] to the criminal law that [are] subject to the [*In re*] *Estrada* [(1965) 63 Cal.2d 740] presumption of retroactivity."  (*People v. Sims* (2021) 59 Cal.App.5th 943, 963–964; accord, *People v. Quinn* (2021) 59 Cal.App.5th 874, 883–885.)  Therefore, the amendments to sections 1203a and 1203.1 apply to all cases not final on Assembly Bill 1950's effective date.  (*In re Estrada*, at p. 742.)

As the parties agree, defendant's case was not final on January 1, 2021, and he was sentenced to a term of felony probation exceeding two years for a crime of conviction that is not a violent felony exempted from the two-year limit on felony probation.  (§§ 1203.1, subd. (m), 667.5, subd. (c).)[5]  We agree.  Defendant is entitled to the benefit of Assembly Bill 1950.

### 2. Remedy

The parties disagree on the appropriate remedy—defendant contends we should modify his term of probation; the People contend we should remand the matter to the trial court to modify the term of probation to a period not to exceed two years and allow the

---

[5] Carrying a concealed firearm in a vehicle (§ 25400, subd. (a)(3)) and false imprisonment by violence (§ 236) are not violent felony offenses excluded from section 1203.1, subdivision (a)'s two-year limit on duration of felony probation by section 1203.1, subdivision (m).

parties to bring any motions to withdraw from the plea agreement. We modify the term of probation to two years consistent with Assembly Bill 1950.

The People contend that on remand it may be appropriate for the trial court or the People to be permitted to withdraw approval for the plea agreement. We disagree.

In *People v. Stamps*, our Supreme Court concluded that a defendant was entitled to the benefit of an ameliorative change in the law—specifically, pursuant to Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393), he was entitled to have the matter remanded for the trial court to exercise its discretion to strike a serious felony conviction enhancement in the interest of justice. (*People v. Stamps* (2020) 9 Cal.5th 685, 699 (*Stamps*).) However, because the serious felony conviction enhancement was imposed as part of a negotiated stipulated sentence, if the trial court exercised its discretion to strike the enhancement, the People and the trial court were permitted to withdraw approval for the plea agreement. (*Stamps*, at pp. 707–708.) The defendant was not permitted " ' "to whittle down the sentence 'but otherwise leave the plea bargain intact ….' " ' " (*Id*. at p. 706.)

Here, the duration of defendant's probation was not a negotiated part of the plea agreement. Consequently, modification of the duration of his probation is not inconsistent with any term of the plea agreement. Therefore, the People and the trial court need not be afforded an opportunity to withdraw approval of the plea in light of the required modification to the duration of defendant's probation. (See *Stamps*, *supra*, 9 Cal.5th 685, 700.)

The People further contend that the matter should be remanded to the trial court to allow the "trial court to adjust, modify, or strike probation terms, so that they can be complied with before termination of probation …." The People note that some later determinations—like expungement of prior convictions pursuant to section 1203.4, subdivision (a)—require a finding of whether defendant successfully completed probation. Defendant was granted probation on December 20, 2019. Because of the

6.

change in the law brought about by Assembly Bill 1950, defendant's term of probation may continue only until December 20, 2021. Remand for the trial court to modify the terms of probation would not afford the trial court any meaningful discretion. Further, no purpose is served in remanding the matter for a determination of successful completion of probation. A court hearing any later motions that require successful completion of probation can make any such required determinations.

## B. *Wende* Review

As noted above, defendant's counsel filed a *Wende* brief in case No. F080492. In the brief, defendant's counsel represented that appellant was advised he could file his own brief with this court. We informed defendant of the same. To date, defendant has filed no supplemental brief.

### 1. *Assembly Bill No. 1869*

The trial court imposed a probation report and supervision fee pursuant to former section 1203.1b. Effective July 1, 2021, Assembly Bill 1869 eliminated many fines, fees, and assessments that courts have imposed under a variety of statutes, including former section 1203.1b. (Stats. 2020, ch. 92, §§ 2, 11, 47, 62.) The parties agree, as do we, that the unpaid balance on the trial court's order requiring defendant probation report and supervision fees is now unenforceable and uncollectable. (§ 1465.9, subd. (a).) We vacate that portion of the judgment.

After independent review of the record, we find that no other reasonably arguable factual or legal issues exist.

## DISPOSITION

Defendant's term of probation is modified to two years. The portion of the order granting probation that imposed fees pursuant to section 1203.1b is vacated. As modified, we affirm. The trial court is directed to issue a minute order reflecting the modifications and forward a copy to the appropriate entities.

7.